David A. Bahr (Oregon Bar No. 90199)
(Application for admission *pro hac vice* pending)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com


Sharon Yamen (New York Bar No. 4256533)
(Application for admission *pro hac vice* pending)
Law Office of Sharon Yamen
233 West 18th Street, Ground Floor
New York, NY, 10011
(516) 343-9102
Sharon@syamenlaw.com

*Plaintiffs' Counsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PANJIVA, INC., a New York corporation, TRADE DATA SERVICES, INC., doing business as, ImportGenius, an Arizona corporation,**<br><br>Plaintiffs,<br><br>*vs*.<br><br>**UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES DEPARTMENT OF TREASURY,**<br><br>Defendants. | Case No. 1:17-cv-17-8269<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act<br>Anticounterfeiting Consumer Protection Act<br>Administrative Procedure Act |

Plaintiffs Panjiva, Inc. ("Panjiva") and Trade Data Services, Inc., doing business as ImportGenius ("ImportGenius"), allege as follows:

## INTRODUCTION

**1.**     This action is brought pursuant to the Freedom of Information Act ("FOIA" or "the

Act"), 5 U.S.C. § 552 *et. seq.*, or, in the alternative, the Administrative Procedure Act ("APA"),

5 U.S.C. § 701 *et. seq*. Plaintiffs also invoke sections eleven and fourteen of the Anticounterfeiting Consumer Protection Act of 1996 ("ACPA"), codified at 19 U.S.C. § 1431(c) and as a note to same. Plaintiffs challenge the failure of the United States Customs and Border Protection ("CBP") to lawfully respond to Plaintiffs' FOIA requests for aircraft cargo manifest information which Congress has determined "shall be available for public disclosure" pursuant to the ACPA. 19 U.S.C. § 1431(c). Plaintiffs further challenge the failure of the United States Department of Treasury ("Treasury") to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision as required by 19 U.S.C. § 1431(c)(3) and Section 14 of the ACPA.

**2.**     Plaintiffs are companies that seek to make global trade more efficient and transparent. To achieve this aim, they aggregate varied data sources, including customs data from several countries, among them the United States. Plaintiffs extract insights from these datasets in order to serve a broad cross-section of the global trade community. The extent to which Plaintiffs can serve this community and enhance global trade broadly depends upon the nature and coverage of the data they can obtain. In order to better accomplish these aims, Plaintiffs submitted to Defendant Customs and Border Protection the FOIA requests at issue in this case.

**3.**     Over time, Plaintiffs have submitted numerous requests to CBP for aircraft manifest information under FOIA. In response, Defendant CBP has failed to make the statutorily required determinations on Plaintiffs' requests and appeals within the time and in the manner required by FOIA. Currently, CBP is refusing to disclose aircraft manifest information on the spurious basis that Plaintiffs' requests overly broad or burdensome or by mischaracterizing the FOIA requests as "third party" requests and thus denying them.

**4.**     Additionally, CBP has violated FOIA's provisions in processing Plaintiffs' information

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

requests and appeal. First, CBP has failed to release information that does not properly fall within the ambit of any of FOIA's disclosure exemptions. Second, CBP has failed to issue final determinations on Plaintiffs' administrative requests and appeal within the time allowed by the Act. Third, CBP has repeatedly failed to provide Plaintiffs estimated completion dates for their information requests and appeal as required by FOIA. Moreover, Treasury has failed to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision as required by 19 U.S.C. § 1431(c)(3) and Section 14 of the ACPA.

**5.**      Because CBP is unlawfully withholding public disclosure of information sought by Plaintiffs, information to which they are entitled and for which no valid disclosure exemption applies, and because CBP has violated FOIA's statutory mandates and deadlines through its failure to provide final determinations resolving Plaintiffs' FOIA requests and appeal within the time and manner required by law, Plaintiffs have no other recourse but to seek declaratory relief establishing that Defendant CBP has violated FOIA, or, in the alternative, the APA. Similarly, CBP has violated the ACPA's clear mandate that aircraft cargo manifest information "shall be available for public disclosure" by its refusal to publicly disclose the information requested in this case. Accordingly Plaintiffs seek injunctive relief directing Defendant CBP to promptly provide Plaintiffs with the requested material as well as to require Defendant Treasury to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision as required by 19 U.S.C. § 1431(c)(3) and Section 14 of the ACPA.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

**6.**      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

U.S.C. § 1331 because this action arises under FOIA, and/or the APA as well as the ACPA and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

**7.** Plaintiffs have exhausted any and all administrative remedies in connection with their FOIA requests, as detailed below.

**8.** Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district because Plaintiff Panjiva has its principal place of business within this judicial district.

**9.** Declaratory relief is appropriate under 28 U.S.C. § 2201.

**10.** Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

**11.** Plaintiff Panjiva is a company that seeks to make global trade more efficient and more transparent. To achieve this aim, Panjiva aggregates varied data sources, including customs data from several countries, among them the United States. Panjiva extracts insight from these datasets in order to serve a broad cross-section of the global trade community through its internet platform Panjiva.com. The extent to which Panjiva can serve this community and enhance global trade broadly depends upon the nature and coverage of the data it receives. In order to better serve these aims, Panjiva has submitted to Customs and Border Protection the FOIA request at issue in this case.

**12.** Plaintiff ImportGenius is a company that seeks to improve decision-making in global trade by aggregating and analyzing shipment data from US Customs and other sources through its website ImportGenius.com. The extent to which ImportGenius can serve the stakeholders of global commerce depends upon the nature and coverage of the data it obtains. In order to better accomplish these goals, ImportGenius has submitted to Customs and Border Protection the FOIA

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

request and appeal at issue in this case.

**13.**     Defendant United States Customs and Border Protection is an agency of the executive branch of the United States government, and is in possession, custody or control of the records sought by Plaintiffs, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

**14.**     Defendant United States Department of Treasury is directed by the Secretary of Treasury who has violated non-discretionary statutory mandates imposed by 19 U.S.C. § 1431(c)(3) and Section 14 of the ACPA in this matter.

## STATUTORY BACKGROUND

### Freedom of Information Act

**15.**     The FOIA's basic purpose is for government transparency, as it establishes that all federal agency records must be accessible to the public unless such records may be withheld from this disclosure mandate pursuant to one of nine, narrowly construed FOIA exemptions. 5 U.S.C. § 552.

**16.**     The FOIA imposes strict and rigorous deadlines on federal agencies. The Act requires a federal agency that receives a FOIA request to determine whether the requested agency records are exempt from disclosure under 5 U.S.C. § 552(b) and to communicate that determination to the requester within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). If the agency determines the requested records are exempt from public disclosure, the agency must also communicate to the requester that they have a right to appeal that determination. *Id.* If the agency determines the records are not exempt from public disclosure, the agency is required to make the requested records "promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A).

**17.**     If the requester appeals an agency's determination, the agency must make a determination with respect to that appeal within 20 business days. 5 U.S.C. § 552(a)(6)(A)(ii).

COMPLAINT

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

The 20-business-day period commences on the date on which the request is first received by the appropriate component of the agency, "but in any event not later than ten days after the request is first received by any component of the agency" that is designated in the agency's regulations to receive requests under FOIA. *Id.*

18.    An "agency record" subject to a FOIA request is any record that is (1) created or obtained by an agency, and (2) under agency control at the time of the FOIA request.

19.    Congress has set forth the circumstances in which federal agencies may obtain more time to make the determination required by 5 U.S.C. § 552(a)(6)(A)(i). In two very limited circumstances the agency may toll the 20-business-day deadline for making that determination. 5 U.S.C. § 552(a)(6)(A)(ii) (providing for up to a 10-day tolling period to allow an agency to seek information from a requester). Additionally, the agency may extend the 20-business-day deadline for making that determination for an additional 10 business days by providing a written notice to the requester that sets forth the "unusual circumstances" that justify the deadline extension and the date on which the agency expects to make the determination. 5 U.S.C. § 552(a)(6)–(B)(ii). The statute includes a specific definition of the term "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(iii). And when the agency notifies a requester of unusual circumstances and the need for additional time, the agency's written notification "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii). Moreover, an agency asserting that unusual circumstances prevent its compliance with FOIA's deadlines "shall make available its FOIA Public Liaison, who shall assist in the resolution of any disputes between the requester and the agency." *Id.*

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**20.**     Unless an agency subject to FOIA establishes a different timeline for disclosing respon-

sive records by providing sufficient written notice of unusual circumstances, FOIA's mandate to

make public records "promptly available" to a requester requires federal agencies to provide re-

sponsive records to a requester within or shortly after the 20-day timeframe set forth in 5 U.S.C.

§ 552(a)(6)(A)(i).

**21.**     A U.S. District Court has jurisdiction "to enjoin the agency from withholding agency re-

cords and to order the production of any agency records improperly withheld from the complain-

ant." 5 U.S.C. § 552(a)(4)(B). If the government can show that "exceptional circumstances" exist

and that the agency is exercising due diligence in responding to the request, the court may retain

jurisdiction and allow the agency additional time to complete its review of the records. 5 U.S.C.

§ 552(a)(6)(C)(i). Notably, the term "exceptional circumstances" does *not* include a delay that

results from a predictable agency workload of FOIA request, unless the agency demonstrates

reasonable progress in reducing its backlog of pending request. 5 U.S.C. § 552(a)(6)(C)(ii).

**22.**     Agency conduct in violation of FOIA's mandates is subject to judicial review under the

APA if the FOIA does not provide an adequate remedy.

### Anticounterfeiting Consumer Protection Act of 1996

**23.**     The Anticounterfeiting Consumer Protection Act of 1996 amended the Tariff Act of 1930

to require public disclosure of all aircraft cargo manifests under the same terms allowed for

cargo shipments on maritime vessels.

**24.**     In 1995 the Clinton Administration proposed the ACPA, which Congress enacted in July

1996, because the regulations extant at that time were deemed inadequate for the task of assisting

American business to combat an ever increasing market of counterfeit copyrighted and trade-

marked goods. The provisions of ACPA were intended to remedy this deficit.

**25.**     Section 11 of the ACPA, as codified at 19 U.S.C. § 1431(c)(1) thus requires that the fol-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

lowing information be "shall be available for public disclosure" when contained in an aircraft

cargo manifest:

> (A) The name and address of each importer or consignee and the name and address of the shipper to such importer or consignee, unless the importer or consignee has made a biennial certification, in accordance with procedures adopted by the Secretary of the Treasury, claiming confidential treatment of such information.

> (B) The general character of the cargo.

> (C) The number of packages and gross weight.

> (D) The name of the vessel, aircraft, or carrier.

> (E) The seaport or airport of loading.

> (F) The seaport or airport of discharge.

> (G) The country of origin of the shipment.

> (H) The trademarks appearing on the goods or packages.

**26.**     The information that is to be presumptively available for public disclosure under 19

U.S.C. § 1431(c)(1) may be withheld only if the Secretary of Treasury makes an affirmative

finding on a shipment-by-shipment basis that public disclosure of the air manifest information is

likely to pose a threat of personal injury or property damage or if the information is exempt from

disclosure pursuant to 5 U.S.C. § 552(b)(1). 19 U.S.C. §§ 1431(c)(2)(A), (B).

**27.**     19 U.S.C. § 1431(c)(3) requires that the Secretary of the Treasury, in order to allow for

the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C.

§ 1431(c)(1), shall "establish procedures to provide access to manifests. Such procedures shall

include provisions for adequate protection against the public disclosure of information not

available for public disclosure from such manifests."

**28.**     Section 14 of the ACPA requires that "[n]ot later than 6 months after the date of the

enactment of this Act [on July 2, 1996], the Secretary of the Treasury shall prescribe such

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

regulations or amendments to existing regulations that may be necessary to carry out the amendments made by" 19 U.S.C. § 1431(c)(1).

## Administrative Procedure Act

**29.**     The Administrative Procedure Act, 5 U.S.C. §§ 701-706, "provides that the [final] action of 'each authority of the Government of the United States' . . . is subject to judicial review."

**30.**     Agency actions, findings or conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" or made "without observance of procedure required by law" are unlawful and must be overturned by a district court. 5 U.S.C. § 706(2)(A).

**31.**     Pursuant to the APA, the court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

## STATEMENT OF OPERATIVE FACTS

### Regarding Plaintiff Trade Data Service's FOIA Request

**32.**     On January 26, 2015, via CBP's Online Portal, Plaintiff ImportGenius submitted a FOIA request to Defendant CBP. ImportGenius specifically requested "access to and copies of the portions of ALL aircraft manifests for inbound shipments form [sic] January 1, 2014 to July 31, 2014 that have been designated for public disclosure by 19 U.S.C §1431(c)."

**33.**     On CBP's Online Portal and by email dated January 26, 2015, CBP confirmed receipt of the ImportGenius request on the FOIA online application.

**34.**     On CBP's Online Portal and by emailed letter dated October 16, 2015 CBP again acknowledged receipt of Plaintiff ImportGenius FOIA request January 26, 2015 and assigned designated tracking number CBP-2015-014781.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**35.**     On October 16, 2015 via email CBP notified Plaintiff ImportGenius of a change of track-

ing number from CBP-2015-014781 to CBP-OFO-2015-014781. Plaintiff was informed that this

is "normally due to the request being transferred to another agency or sub agency."

**36.**     On March 4, 2016 via email CBP notified Plaintiff ImportGenius of another change of

tracking number, this time from CBP-OFO-2015-014781 to CBP-OT-2015-014781. Plaintiff was

again informed that this is "normally due to the request being transferred to another agency or

sub agency."

**37.**     On August 4, 2016 via email CBP notified Plaintiff ImportGenius of yet another change

of tracking number, this time from CBP-OT-2015-014781 back to CBP-2015-014781 (the origi-

nal tracking number). Plaintiff was again informed that this is "normally due to the request being

transferred to another agency or sub agency."

**38.**     On August 5, 2016 via email CBP notified Plaintiff ImportGenius of still another change

of tracking number from its original designation CBP-2015- back to CBP-OFO-2015-014781.

Plaintiff was again informed that this is "normally due to the request being transferred to another

agency or sub agency."

**39.**     On October 5, 2016 via email CBP notified Plaintiff ImportGenius of another change of

tracking number, this time from CBP-OFO-2015-014781 back to once again its original designa-

tion CBP-2015-014781. Plaintiff was again informed that this is "normally due to the request

being transferred to another agency or sub agency."

**40.**     On October 28, 2016 approximately twenty-two months after the request was filed, via

email and CBP's Online Portal, Plaintiff ImportGenius received CBS's final disposition on their

FOIA request. CBP asserted:

> Your FOIA request is a third party request and did not include authorization that
> information on this individual can be released to you. All third party FOIA re-
> quests must include a signed G-28 or G-639 form, or a signed statement from the
> individual verifying that his/her information may be released to you.

COMPLAINT                                            10

Importer names on entry documents are confidential and U.S. Customs and Border Protection (CBP) does not disclose names of importers to the public. However, there are a number of private sector media services that are permitted by the privacy statute, 19 CFR 103.31 (d), to collect manifest data at every port of entry. Reporters collect and publish names of importers from vessel manifest data unless an importer/shipper requests confidentiality.

41.   On December 27, 2016 via CBPs Online Portal, Plaintiff ImportGenius timely appealed

the Agency's denial of their information request. The appeal asserted that CBP had not actually

addressed the issues presented in its request. In addition, the appeal challenged the adequacy of

the Agency's search. Plaintiff ImportGenius's appeal continued by asserting that the:

request is not a third party request, and therefore requiring a signed G-28 or G-639 form is not applicable. Neither is stating that I contact reporters directly at every port of entry for names of importers from vessel manifest data. I am not requesting vessel manifest data. I am requesting aircraft manifests for inbound shipments form January 1, 2014 to July 31, 2014 that have been designated for public disclosure by 19 U.S.C §1431 (c): "c) PUBLIC DISCLOSURE OF IN-FORMATION- (1) Except as provided in subparagraph (2), the following information, when contained in such vessel [vessel] or aircraft manifest, shall be available for public disclosure: (A) The name and address of each importer or consignee and the name and address of the shipper to such importer consignee, unless the importer or consignee had made a biennial certification, in accordance with procedures adopted by the Secretary of the Treasury, claiming confidential treatment of such information. (B) The general character of the cargo. (C) The number of packages and gross weight. (D) The name of the vessel, aircraft, or carrier. (E) The seaport of airport of loading. (F) The seaport or airport of discharge. (G) The country of origin of the shipment." It is on the above mentioned, that I am appealing.

42.   On December 27, 2016 via email and its Online Portal, CBP acknowledged receipt of

Plaintiff ImportGenius appeal and assigned designated tracking number CBP-AP-2017-019096.

43.    On August 9, 2017 via CBP's Online Portal, Plaintiff ImportGenius sent a letter requesting the CBP provide a status update regarding its appeal and an estimated date of completion.

44.   On August 16, 2017 having not received a response from CPB, Plaintiff ImportGenius

sent a second letter via CBP's Online Portal requesting the CBP provide a status update regarding its appeal and an estimated date of completion.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**45.**     On September 7, 2017 still having not received a response from CPB, Plaintiff Import-Genius sent a third letter via CBP's Online Portal requesting the CBP provide a status update regarding its appeal and an estimated date of completion.

**46.**     On September 7, 2017 Plaintiff ImportGenius received a phone call from a David Pollack, a Lawyer from CBP and stated that the estimated date of completion for ImportGenius's FOIA appeal would be not later than September 30, 2017.

**47.**     On September 7, 2017, counsel for Plaintiff ImportGenius sent an email to the address Mr. Pollack had provided confirming and memorializing the telephone conversation.

**48.**     On September 8, 2017 approximately nine months after the appeal was filed, Plaintiff ImportGenius received email notification to log onto CBP's Online Portal for the Final Disposition of Appeal CBP-AP-2017-019096, in which CBP denied the appeal. Specifically, CBP alleged *inter alia,* that "While we concur that FOIA division erred in dismissing your request, for the reasons below, we too find that the agency need not issue a substantive response to your request as doing so would impose an unreasonable burden upon the agency."

**49.**     FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

**50.**     At the very latest, based on the January 26, 2015 date that the CBP acknowledges receiving the ImportGenius FOIA request, the deadline for issuing a final determination elapsed on February 23, 2015.

**51.**     Defendant CBP failed to make a final determination resolving the ImportGenius FOIA request within 20 business days from the date of receipt.

**52.**     FOIA generally requires an agency to issue a final determination resolving a FOIA appeal within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

**53.**     At the very latest, based on the December 27, 2016 date of Plaintiff ImportGenius's

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

FOIA appeal (and accounting for the New Year's holiday) the deadline for issuing a final determination elapsed January 25, 2017.

**54.**     Defendant CBP failed to make a final determination resolving Plaintiff ImportGenius's FOIA appeal within 20 business days from the date of receipt.

**55.**     FOIA mandates that Defendant CBP must inform an information requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**56.**     The CBP did not provide an estimated completion date for Plaintiff ImportGenius's FOIA request.

### Regarding Plaintiff Panjiva's FOIA Request

**57.**     Via CBP's Online Portal, on January 17, 2017 Plaintiff Panjiva requested "access to and copies of the portions of ALL aircraft manifests for inbound shipments from December 5, 2016 to December 9, 2016 that have been designated for public disclosure by 19 U.S.C §1431(c)."

**58.**     On CBP's Online Portal and by email dated January 17, 2017, CBP acknowledged receipt of Plaintiff Panjiva's FOIA request and assigned designated tracking number CBP-2017-023402.

**59.**     On January 18, 2017 via email, CBP notified Plaintiff Panjiva of a change of tracking number from CBP-2017-023402 to CBP-OFO- 2017-023402. Plaintiff was informed that this is "normally due to the request being transferred to another agency or sub agency."

**60.**     On September 23, 2017 via CBP's Online Portal, Plaintiff Panjiva sent a letter requesting the CBP provide a status update regarding its appeal and an estimated date of completion.

**61.**     By letter dated October 16, 2017, CBP notified Plaintiff Panjiva that "the CBP FOIA office has a significant backlog of FOIA requests. The expected response time for a FOIA request for travel documents [sic] is 3-6 months."

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**62.** Plaintiff Panjiva's FOIA request dated January 17, 2017 sought aircraft manifest information and did not request "travel documents."

**63.** FOIA generally requires an agency to issue a final determination resolving a FOIA request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

**64.** At the very latest, based on the January 17, 2017 date that the CBP acknowledges receiving the Panjiva FOIA request, the deadline for issuing a final determination elapsed on February 14, 2017.

**65.** Defendant CBP failed to make a final determination resolving the Panjiva FOIA request within 20 business days from the date of receipt.

**66.** As of the date this complaint was filed, Defendant CBP had not made a final determination resolving Panjiva FOIA request.

**67.** FOIA mandates that Defendant CBP must inform an information requester of "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

**68.** FOIA's estimated decision date requirement does not contemplate that an agency's suggestion of an entire month, or indeed a range of three months, will discharge its mandate to provide a specific estimated completion date under 5 U.S.C. § 552(a)(7)(B)(ii).

**69.** The proposed three month range for issuing a decision on Panjiva's FOIA request that CBP suggested in its October 16, 2017 letter is three to six times longer than the deadline for issuing a final determination resolving a FOIA request within 20 business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i)

**70.** The CBP did not provide an estimated completion date for Plaintiff Panjiva's FOIA request.

/ / /

COMPLAINT                                      14

**Regarding Both Plaintiffs**

**71.**   None of FOIA's nine exemptions to mandatory disclosure apply to the information, currently being withheld by the CBP, which is responsive to Plaintiffs' FOIA requests.

**72.**   No exceptional circumstances exist within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C), which would allow this Court to grant Defendant CBP more time to review and disclose requested records.

**73.**   Defendant CBP has not exercised due diligence in searching for and releasing records responsive to Plaintiffs' requests and appeal.

**74.**   The delays at issue in this case result from a predictable agency workload of FOIA requests. Defendant CBP has not made reasonable progress in reducing its backlog of pending requests.

**75.**   Upon information and belief, Defendant CBP has a pattern, practice or policy by which all air manifests are presumptively deemed confidential and thus exempt from disclosure.

**76.**   The Secretary of Treasury has not made an affirmative finding on a shipment-by-shipment basis that public disclosure of the air manifest information requested in this case is likely to pose a threat of personal injury.

**77.**   The Secretary of Treasury has not made an affirmative finding on a shipment-by-shipment basis that public disclosure of the air manifest information requested in this case is likely to pose a threat of property damage.

**78.**   The air manifest information requested in this case is not exempt from public disclosure under the provisions of 5 U.S.C. § 552(b)(1).

**79.**   The Secretary of the Treasury has not promulgated regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)-(1) or that are necessary to carry out the terms of that provision as required by 19 U.S.C. §

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

1431(c)(3) and Section 14 of the ACPA.

**80.**     The circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the processing of the requests and withholdings at issue in this case.

**81.**     Plaintiffs have been required to expend costs and to obtain the services of a law firm to prosecute this claim.

**82.**     Plaintiffs' claims presented herein are not insubstantial within the meaning of 5 U.S.C. § 552(a)(4)(E)(ii)(II).

## CAUSES OF ACTION
### COUNT I
### VIOLATION OF THE FREEDOM OF INFORMATION ACT: CONSTRUCTIVE DENIAL/UNLAWFUL WITHHOLDING

**83.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**84.**     Plaintiffs have a statutory right to the records they seek, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendant CBP to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**85.**     Defendant CBP violated Plaintiffs' rights under FOIA by failing to comply with the Act's decision deadlines and thus constructively withholding information responsive to Plaintiffs' FOIA requests and appeal.

**86.**     Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information request to Defendant CBP in the foreseeable future.

**87.**     Plaintiffs' professional activities will be adversely affected if Defendant CBP is allowed to continue violating FOIA's disclosure provisions as it has in this case.

**88.**     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court,

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

Defendant CBP will continue to violate the rights of Plaintiffs to receive public records under FOIA.

**89.**     Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).


## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### UNLAWFUL APPLICATION OF DISCLOSURE EXEMPTIONS

**90.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**91.**     Plaintiffs have a statutory right to the records they seek, which are "agency records" within the meaning of FOIA, and there is no legal basis for Defendant CBP to assert that any of the FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**92.**     Defendant CBP violated Plaintiffs' rights under FOIA by unlawfully withholding information responsive to Plaintiffs' FOIA requests and appeals based on an improper and unduly narrow construction of the meaning of "agency record" under FOIA or an overly broad application of FOIA's exemptions to mandatory information disclosure.

**93.**     Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information request to Defendant CBP in the foreseeable future.

**94.**     Plaintiffs' professional activities will be adversely affected if Defendant CBP is allowed to continue to violate FOIA's disclosure provisions as it has in this case.

**95.**     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant CBP will continue to violate the rights of Plaintiffs to receive public records under FOIA.

**96.**     Plaintiffs are entitled to reasonable costs of litigation, including attorneys' fees and costs

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## COUNT III

### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### DECISION DEADLINE VIOLATION

**97.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**98.**     Plaintiffs have a statutory right to have Defendant CBP process their FOIA requests in a manner, which complies with FOIA. Plaintiffs' rights in this regard were violated when the Defendant CBP unlawfully delayed its response to their information requests and appeals beyond the determination deadlines imposed by FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i).

**99.**     Defendant CBP is unlawfully withholding public disclosure of records sought by Plaintiffs, records which are "agency records" within the meaning of FOIA, to which Plaintiffs are entitled, and for which no valid disclosure exemption applies.

**100.**     Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information request to Defendant CBP in the foreseeable future.

**101.**     Plaintiffs' professional activities will be adversely affected if Defendant CBP is allowed to continue violating FOIA's decision deadlines as it has in this case.

**102.**     Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant CBP will continue to violate the rights of Plaintiffs to have their information requests processed as required by FOIA.

**103.**      Plaintiffs are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

/ / /

## COUNT IV

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

## VIOLATION OF THE FREEDOM OF INFORMATION ACT:
## FAILURE TO PROVIDE AN ESTIMATED DATE ON WHICH THE AGENCY WILL COMPLETE ACTION ON PLAINTIFFS' FOIA REQUESTS AND APPEAL

**104.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**105.**   FOIA requires that each agency must provide information about the status of a request to the person making an information request including an estimated date on which the agency will complete action on the request. 5 U.S.C. § 552(a)(7)(B)(ii).

**106.**   Plaintiffs asked CBP numerous times for estimated dates of completion for their pending FOIA requests and appeal. In so doing, Plaintiff constructively invoked 5 U.S.C. § 552(a)(7)-(B)(ii).

**107.**   Defendant CBP has repeatedly failed to provide estimated dates of completion for Plaintiffs' FOIA requests and appeal at issue in this case.

**108.**   Upon information and belief, CBP's failure to provide specific estimated dates of completion for Plaintiffs' FOIA requests and appeals represents an ongoing policy, practice, or standard operating procedure ("SOP").

**109.**   A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

**110.**   Based on the nature of Plaintiffs' professional activities, they will undoubtedly continue to employ FOIA's provisions in information requests to Defendant CBP in the foreseeable future.

**111.**   Plaintiffs' professional activities will be adversely affected if Defendant CBP is allowed to continue violating FOIA's requirement to provide an estimated completion date as it has in

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

this case.

**112.**   Unless enjoined and made subject to a declaration of Plaintiffs' legal rights by this Court, Defendant CBP will continue to violate the rights of Plaintiffs to have their information requests processed as required by FOIA.

**113.**   Plaintiffs are entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

**COUNT V**

**VIOLATIONS OF FOIA AND THE APA:**
**ENGAGING IN A PATTERN OR PRACTICE OF UNLAWFUL CONDUCT**

**114.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**115.**   Defendant CBP has adopted and is engaged in a pattern, practice or policy of violating FOIA's requirements when processing FOIA requests or associated appeals by repeatedly refusing to process FOIA requests for aircraft manifests, by denying such requests as overly broad or burdensome or by mischaracterizing FOIA requests as "third party" requests and then denying them. Defendant CBP persists in this pattern, practice or policy notwithstanding the fact that "aircraft manifests shall be available for public disclosure." 19 U.S.C. § 1431(c).

**116.**   On information and belief, Defendant CBP has maintained this pattern, practice or policy since at least 2009.

**117.**   In this case Defendant CBP has engaged in a pattern, practice or policy of violating the FOIA in responding to Plaintiffs' FOIA requests and appeal by dismissing or denying disclosure of aircraft manifests properly requested by Plaintiffs.

**118.**   Defendant CBP's pattern, practice or policy of denying FOIA requests for aircraft manifest as overly broad or burdensome or by mischaracterizing FOIA requests as "third party" requests and then denying them violates the intent and purpose of the FOIA.

COMPLAINT

20

**119.**   Defendant CBP's patterns, practices or policies for processing FOIA requests and appeals have resulted in violations of Plaintiffs' rights to the lawful implementation of FOIA as alleged above.

**120.**   Additionally, Defendant CBP's patterns, practices or policies for processing FOIA requests and appeals are likely to result in future violations of the FOIA that will harm Plaintiffs because they are likely to continue seeking public records from Defendant CBP.

**121.**   Defendant CBP's patterns, practices or policies of unlawful conduct in violation of the FOIA's clear requirement to issue an estimated date on which it will complete action on information requests or associated appeals is likely to recur absent intervention by this Court.

**122.**   Defendant CBP's pattern, practice or policy exists, whether formal or informal in nature.

**123.**   The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel Defendant CBP to comply with the clear requirements of the FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice or policy.

**124.**   Plaintiffs are entitled to a declaration that Defendant CBP's actions violated the FOIA and to an injunction barring Defendant CBP from violating the FOIA in the future when responding to their FOIA requests or associated appeals. Whether made under the FOIA or the APA, declaratory or injunctive relief will clarify and settle the legal relations at issue and afford relief from the uncertainty and controversy giving rise to these proceedings.

**125.**   Defendant CBP's unlawful patterns, practices or policies of violating the FOIA when responding to Plaintiffs' FOIA requests or associated appeals entitles them to an award of reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

**COUNT VI**

**VIOLATIONS OF THE ACPA:**

COMPLAINT

21

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

**UNLAWFUL DENIAL OF ACCESS TO REQUESTED INFORMATION**

**126.**    The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**127.**    Section 11 of the ACPA, as codified at 19 U.S.C. § 1431(c)(1) requires that certain information such as the names and addresses of the importer and shipper, content, weight, origin, destination and trademark data "shall be available for public disclosure" when contained in an aircraft cargo manifest.

**128.**    The Secretary of Treasury has not made an affirmative finding on a shipment-by-shipment basis that public disclosure of the air manifest information requested in this case is likely to pose a threat of personal injury or property damage that would exempt that information from the ACPA's mandate that it be made available for public disclosure.

**129.**    Defendant CBP has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of the ACPA consequent to its failure and refusal to provide Plaintiffs with the requested aircraft manifest information at issue in this case.

**130.**    Plaintiffs have been adversely affected and aggrieved by the Defendant CBP's failure to comply with the mandates of FOIA. Defendant CBP's failure and refusal to comply with the mandates of the ACPA consequent to its failure and refusal to provide Plaintiffs with the requested aircraft manifest information at issue in this case which has injured Plaintiffs' interests secured by the ACPA and thus constitute a violation of Defendant CBP's statutory duties under the ACPA and the APA.

**131.**    Plaintiffs have suffered a legal wrong as a result of the Defendant CBP's failure to comply with the mandates of the ACPA. Defendant CBP's failure and refusal to comply with the mandates of the ACPA consequent to its failure and refusal to provide Plaintiffs with the requested aircraft manifest information at issue in this case which has injured Plaintiffs' interests

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

secured by the ACPA and thus constitute a violation of Defendant CBP's statutory duties under the ACPA and the APA.

**132.**   Defendant CBP's failure and refusal to comply with the mandates of the ACPA consequent to its failure and refusal to provide Plaintiffs with the requested aircraft manifest information at issue in this case constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**133.**   Alternatively, Defendant CBP's failure and refusal to comply with the mandates of the ACPA consequent to its failure and refusal to provide Plaintiffs with the requested aircraft manifest information at issue in this case, is in violation of the ACPA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**134.**   Plaintiffs are entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**135.**   Plaintiffs are entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.


## COUNT VII

### VIOLATIONS OF THE ACPA:
### UNLAWFUL FAILURE TO PROMULGATE REQULATIONS

**136.**   The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**137.**   19 U.S.C. § 1431(c)(3) requires that the Secretary of the Treasury, in order to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1), to "establish procedures to provide access to manifests. Such procedures shall include provisions for adequate protection against the public disclosure of information not

COMPLAINT                                                     23

available for public disclosure from such manifests."

**138.**   Section 14 of the ACPA, codified at 19 U.S.C. § 1431 note, requires that "[n]ot later than 6 months after the date of the enactment of this Act [on July 2, 1996], the Secretary of the Treasury shall prescribe such regulations or amendments to existing regulations that may be necessary to carry out the amendments made by" 19 U.S.C. § 1431(c)(1).

**139.**   The Secretary of Treasury has not issued regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1).

**140.**   The Secretary of Treasury has not issued regulations within six months of the ACPA's enactment on July 2, 1996 to carry out the amendments made by 19 U.S.C. § 1431(c)(1).

**141.**   Defendant Treasury has failed to act in an official capacity under color of legal authority by failing to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision as required by 19 U.S.C. § 1431(c)(3) and Section 14 of the ACPA.

**142.**   Plaintiffs have been adversely affected and aggrieved by the Defendant Treasury's failure to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision which has injured Plaintiffs' interests secured by the ACPA and thus constitute a violation of Defendant Treasury's statutory duties under the ACPA and the APA.

**143.**   Plaintiffs have suffered a legal wrong as a result of the Defendant Treasury's failure to comply with the mandates of the ACPA. Defendant Treasury's failure and refusal to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision has injured Plaintiffs' interests secured by the ACPA and thus constitute a violation of Defendant Treasury's statutory duties under the ACPA and the APA.

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

144.    Defendant Treasury's failure and refusal to comply with the mandates of the ACPA consequent to its failure and refusal to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that are necessary to carry out the terms of that provision constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

145.    Alternatively, Defendant Treasury's failure and refusal to comply with the mandates of the ACPA consequent to its failure and refusal to promulgate regulations to allow for the timely dissemination and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)-(1) or that are necessary to carry out the terms of that provision is in violation of the ACPA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

146.    Plaintiffs are entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

147.    Plaintiffs are entitled to costs of disbursements and costs of litigation, including reasonable attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.


## COUNT VIII
### (In the alternative to Counts I through IV)
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

148.    The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

149.    Defendant CBP has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeal, and; (2) provide Plaintiffs with the estimated completion dates of their request and appeals.

COMPLAINT                                    25

**150.**   Plaintiffs have been adversely affected and aggrieved by the Defendant CBP's failure to comply with the mandates of FOIA. Defendant CBP's failure and refusal to: (1 issue a timely final determination of Plaintiffs' FOIA requests and appeal, and; (2) provide Plaintiffs with the estimated completion dates of their request and appeals, has injured Plaintiffs' interests in public oversight of governmental operations and constitute a violation of Defendant CBP's statutory duties under the APA.

**151.**   Plaintiffs have suffered a legal wrong as a result of the Defendant CBP's failure to comply with the mandates of FOIA. Defendant CBP's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeal, and; (2) provide Plaintiffs with the estimated completion dates of their request and appeals, has injured Plaintiffs' interests in public oversight of governmental operations and constitute a violation of Defendant CBP's statutory duties under the APA.

**152.**   Defendant CBP's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeal, and; (2) provide Plaintiffs with the estimated completion dates of their request and appeals constitutes agency action unlawfully withheld and unreasonably delayed and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

**153.**   Alternatively, Defendant CBP's failure and refusal to: (1) issue a timely final determination of Plaintiffs' FOIA requests and appeal, and; (2) provide Plaintiffs with the estimated completion dates of their request and appeals, is in violation of FOIA's statutory mandates and is therefore arbitrary, capricious, or an abuse of discretion and not in accordance with law and is therefore actionable pursuant to the APA, 5 U.S.C. § 706(2).

**154.**   Plaintiffs are entitled to judicial review under the Administrative Procedure Act 5 U.S.C. §§ 702, 706.

**155.**   Plaintiffs are entitled to costs of disbursements and costs of litigation, including reason-

BAHR LAW OFFICES, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439

able attorney and expert witness fees, under the Equal Access to Justice Act, 28 U.S.C.S. § 2412.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

**1.**     Order Defendant CBP in the form of injunctive relief to promptly provide Plaintiffs all of the information sought in this action;

**2.**     Declare Defendant CBP's failure to disclose the information requested by Plaintiffs to be unlawful under FOIA, 5 U.S.C. § 552(a)(3);

**3.**     Declare Defendant CBP's failure to make a timely determination on Plaintiffs' FOIA requests and appeal to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), or in the alternative, is agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**4.**     Declare Defendant CBP's failure to provide Plaintiffs with the estimated completion dates of their FOIA requests and appeal to be unlawful under FOIA, 5 U.S.C. § 552(a)(7)(B)(ii), or in the alternative, is agency action unlawfully withheld and unreasonably delayed, 5 U.S.C. § 706(1), or arbitrary, capricious, an abuse of discretion, and not in accordance with law, 5 U.S.C. § 706(2);

**5.**     Declare Defendant CBPs failure to disclose the information requested by Plaintiffs to be unlawful under the ACPA, 19 U.S.C. § 1431(c);

**6.**     Enjoin any interpretation of the ACPA, 19 U.S.C. § 1431(c) by Defendant CBP that prevents public disclosure of information such as the names and addresses of the importer and shipper, content, weight, origin, destination and trademark data when that information is contained in an aircraft cargo manifest and the Secretary of Treasury has not made an affirmative finding on a shipment-by-shipment basis that public disclosure of the air manifest information is likely to

COMPLAINT                                             27

pose a threat of personal injury or property damage;

**7.**     Order Defendant Treasury to promulgate regulations to allow for the timely dissemina-

tion and publication of aircraft manifest information addressed in 19 U.S.C. § 1431(c)(1) or that

are necessary to carry out the terms of that provision as required by 19 U.S.C. § 1431(c)(3) and

Section 14 of the ACPA.

**8.**     Award Plaintiffs their costs and reasonable attorney fees pursuant to 5 U.S.C. §

552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law;

**9.**     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

**10.**    Grant such other and further relief as the Court may deem just and proper.

     Respectfully submitted for the Court's consideration, this 26th day of October, 2017.

\_\_s/ David Bahr _____
David Bahr (Oregon Bar No. 901990)
(Application for admission *pro hac vice* pending)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

\_\_s/ Sharon Yamen _____
Sharon Yamen (New York Bar No. 4256533)
(Application for admission *pro hac vice* pending)
Law Office of Sharon Yamen
233 West 18th Street, Ground Floor
New York, NY, 10011
(516) 343-9102
Sharon@syamenlaw.com

*Plaintiffs' Counsel*