GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  STEPHEN CHA-KIM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel:  (212) 637-2768
Fax: (212) 637-2702
Email: stephen.cha-kim@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANJIVA, INC., and TRADE DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> -v- <br><br> UNITED STATES CUSTOMS AND BORDER PROTECTION and UNITED STATES DEPARTMENT OF TREASURY, <br><br> Defendants. | 17 Civ. 8269 (JPO) <br><br> **ANSWER IN PART OF DEFENDANT UNITED STATES CUSTOMS AND BORDER PROTECTION** |

        Defendant United States Customs and Border Protection ("CBP"), by and through its

attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York,

answers the complaint on information and belief as follows[1]:

        1.        The allegations in paragraph 1 of the complaint constitute Plaintiffs'

characterization of this action, to which no response is required. To the extent a response is

deemed required, admits that Plaintiffs' action has been brought under FOIA, the

_____

[1] The following responsive pleadings are made only insofar as the complaint raises claims against CBP under the Freedom of Information Act ("FOIA"). Defendant United States Department of Treasury, represented by the same counsel, has not been sued under FOIA, and will file a motion to dismiss all non-FOIA claims in the complaint, in which CBP joins.

Anticounterfeiting Consumer Protection Act, and the Administrative Procedure Act, but denies the remaining allegations.

2.      Admits that Plaintiffs each submitted a FOIA request, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2.

3.      The allegations in paragraph 3 consist in part of legal conclusions, to which no response is required. To the extent a response is deemed required, admits that Plaintiffs each submitted a FOIA request to CBP, but denies the remaining allegations.

4.      The allegations in paragraph 4 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, denies the allegations.

5.      The allegations in paragraph 5 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, denies the allegations.

6.      Paragraph 6 consists of a statement of jurisdiction, to which no response is required.

7.      Paragraph 7 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, denies the allegations.

8.      Paragraph 8 consists of a statement of venue, to which no response is required.

9.      Paragraph 9 consists of conclusions of law, to which no response is required.

10.     Paragraph 10 consists of conclusions of law, to which no response is required.

11.     Admits that the referenced Plaintiff submitted a FOIA request, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 11.

12.     Admits that the referenced Plaintiff submitted a FOIA request, but denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 12.

13.     Paragraph 13 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, admits the allegations.

14.     The allegations contained in paragraph 14 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

15.     Paragraph 15 consists of conclusions of law, to which no response is required.

16.     Paragraph 16 consists of conclusions of law, to which no response is required.

17.     Paragraph 17 consists of conclusions of law, to which no response is required.

18.     Paragraph 18 consists of conclusions of law, to which no response is required.

19.     Paragraph 19 consists of conclusions of law, to which no response is required.

20.     Paragraph 20 consists of conclusions of law, to which no response is required.

21.     Paragraph 21 consists of conclusions of law, to which no response is required.

22.     Paragraph 22 consists of conclusions of law, to which no response is required.

23.     The allegations contained in paragraph 23 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

24.     The allegations contained in paragraph 24 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

25.     The allegations contained in paragraph 25 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

26.     The allegations contained in paragraph 26 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

27.     The allegations contained in paragraph 27 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

28.     The allegations contained in paragraph 28 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

29.     The allegations contained in paragraph 29 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

30.     The allegations contained in paragraph 30 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

31.     The allegations contained in paragraph 31 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

32.     Admits.

33.     Admits.

34.     Admits.

35.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39.

40.     Admits.

41.     Denies that CBP had not addressed the issues presented in the request, and admits the remaining allegations.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42.

43.     Admits.

44.     Admits.

45.     Admits.

46.     Admits, but avers that the name of the lawyer is Matthew Pollack.

47.     Admits.

48.     Admits.

49.     Paragraph 49 consists of conclusions of law, to which no response is required.

50.     Paragraph 50 consists of conclusions of law, to which no response is required.

51.     Paragraph 51 consists of conclusions of law, to which no response is required.

52.     Paragraph 52 consists of conclusions of law, to which no response is required.

53.     Paragraph 53 consists of conclusions of law, to which no response is required.

54.     Paragraph 54 consists of conclusions of law, to which no response is required.

55.     Paragraph 55 consists of conclusions of law, to which no response is required.

56.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56.

57.     Admits.

58.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59.

60.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60.

61.     Admits.

62.     Admits.

63.     Paragraph 63 consists of conclusions of law, to which no response is required.

64.     Paragraph 64 consists of conclusions of law, to which no response is required.

65.     Paragraph 65 consists of conclusions of law, to which no response is required.

66.     Admits, but avers that a final determination was made on November 27, 2017.

67.     Paragraph 67 consists of conclusions of law, to which no response is required.

68.     Paragraph 68 consists of conclusions of law, to which no response is required.

69.     Paragraph 69 consists of conclusions of law, to which no response is required.

70.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70.

71.     Denies.

72.     Denies.

73.     Denies.

74.     Denies.

75.     Denies.

76.     The allegations contained in paragraph 76 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

77.     The allegations contained in paragraph 77 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

78.     The allegations contained in paragraph 78 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

79.     The allegations contained in paragraph 79 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

80.     The allegations contained in paragraph 80 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

81.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81.

82.     Paragraph 82 consists of conclusions of law, to which no response is required.

83.     The responses to the foregoing paragraphs are re-alleged and incorporated by reference herein.

84.     Paragraph 84 consists of conclusions of law, to which no response is required.

85.     Paragraph 85 consists of conclusions of law, to which no response is required.

86.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86.

87.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87.

88.     Denies.

89.     Paragraph 89 consists of conclusions of law, to which no response is required.

90.     The responses to the foregoing paragraphs are re-alleged and incorporated by reference herein.

91.     Paragraph 91 consists of conclusions of law, to which no response is required.

92.     Paragraph 92 consists of conclusions of law, to which no response is required.

93.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93.

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 94.

95.     Denies.

96.     Paragraph 96 consists of conclusions of law, to which no response is required.

97.     The responses to the foregoing paragraphs are re-alleged and incorporated by reference herein.

98.     Paragraph 98 consists of conclusions of law, to which no response is required.

99.     Paragraph 99 consists of conclusions of law, to which no response is required.

100.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100.

101.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101.

102.    Denies.

103.    Paragraph 103 consists of conclusions of law, to which no response is required.

104.    The responses to the foregoing paragraphs are re-alleged and incorporated by reference herein.

105.    Paragraph 105 consists of conclusions of law, to which no response is required.

106.    Paragraph 106 consists of conclusions of law, to which no response is required. To the extent that a response is deemed required, admits that Plaintiffs requested the estimated date of completion, but denies the remaining allegations.

107.    Denies.

108.    Denies.

109.    Paragraph 109 consists of conclusions of law, to which no response is required. To the extent that a response is deemed required, denies.

110.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110.

111.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 111.

112.    Denies.

113.    Paragraph 113 consists of conclusions of law, to which no response is required.

114.    The allegations contained in paragraph 114 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

115.    The allegations contained in paragraph 115 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

116.    The allegations contained in paragraph 116 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

117.    The allegations contained in paragraph 117 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

118.    The allegations contained in paragraph 118 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

119.   The allegations contained in paragraph 119 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

120.   The allegations contained in paragraph 120 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

121.   The allegations contained in paragraph 121 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

122.   The allegations contained in paragraph 122 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

123.   The allegations contained in paragraph 123 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

124.   The allegations contained in paragraph 124 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

125.   The allegations contained in paragraph 125 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

126.   The allegations contained in paragraph 126 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

127.   The allegations contained in paragraph 127 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

128.   The allegations contained in paragraph 128 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

129.   The allegations contained in paragraph 129 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

130.     The allegations contained in paragraph 130 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

131.     The allegations contained in paragraph 131 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

132.     The allegations contained in paragraph 132 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

133.     The allegations contained in paragraph 133 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

134.     The allegations contained in paragraph 134 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

135.     The allegations contained in paragraph 135 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

136.     The allegations contained in paragraph 136 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

137.     The allegations contained in paragraph 137 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

138.     The allegations contained in paragraph 138 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

139.     The allegations contained in paragraph 139 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

140.     The allegations contained in paragraph 140 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

141.    The allegations contained in paragraph 141 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

142.    The allegations contained in paragraph 142 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

143.    The allegations contained in paragraph 143 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

144.    The allegations contained in paragraph 144 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

145.    The allegations contained in paragraph 145 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

146.    The allegations contained in paragraph 146 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

147.    The allegations contained in paragraph 147 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

148.    The allegations contained in paragraph 148 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

149.    The allegations contained in paragraph 149 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

150.    The allegations contained in paragraph 150 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

151.    The allegations contained in paragraph 151 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

152.    The allegations contained in paragraph 152 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

153.    The allegations contained in paragraph 153 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

154.    The allegations contained in paragraph 154 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

155.    The allegations contained in paragraph 155 are the subject of Defendants' motion to dismiss in part, and no response to these allegations is required.

The paragraphs beginning "WHEREFORE" constitute Plaintiffs' prayers for relief, to which no response is required. To the extent a response is required, deny that Plaintiff is entitled to the relief sought or any relief.

## DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendant CBP alleges as follows:

### First Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendant CBP has not improperly withheld information within the meaning of FOIA.

### Third Defense

Plaintiffs' FOIA requests are overly broad and unduly burdensome.

**Fourth Defense**

Some or all of the requested documents, or portions thereof, are exempt from disclosure. *See* 5 U.S.C. § 552(b).

**Fifth Defense**

Defendant CBP has exercised due diligence in processing Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendant CBP to continue its processing of the FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

**Sixth Defense**

Plaintiffs' FOIA request does not reasonably describe the records sought.

**Seventh Defense**

Plaintiffs have failed to exhaust administrative remedies with respect to one or more of its claims, and the Court lacks subject matter jurisdiction over Plaintiffs' claims to the extent Plaintiffs have failed to exhaust administrative remedies.

**Eighth Defense**

Plaintiffs are not entitled to expedited processing under § 552(a)(6)(E).

**Ninth Defense**

Plaintiff is not entitled to a waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

**Tenth Defense**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief to the extent that they exceed the relief authorized under FOIA.  *See* 5 U.S.C. § 552.


Defendant CBP may have additional defenses which are not known at this time but which may become known through further proceedings. Accordingly, Defendant CBP reserves the right

14

to assert each and every affirmative or other defense that may be available, including any defenses

available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

## <u>CONCLUSION</u>

WHEREFORE, Defendant CBP requests judgment dismissing the complaint and granting

such other and further relief as this Court deems appropriate, including costs and disbursements.

Dated:  New York, New York
        January 12, 2018

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Defendant CBP*


                              By:    /s/ Stephen Cha-Kim                 
                                     STEPHEN CHA-KIM
                                     Assistant United States Attorney
                                     86 Chambers Street, Third Floor
                                     New York, NY 10007
                                     T. (212) 637-2768
                                     F. (212) 637-2702
                                     stephen.cha-kim@usdoj.gov